**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1830**

ALPHA RHO ALUMNI CORPORATION,

Plaintiff - Appellee,

v.

FIRST UNITED BANK AND TRUST, INC.,

Defendant - Appellant.

**No. 16-1833**

ALPHA RHO ALUMNI CORPORATION,

Plaintiff - Appellant,

v.

FIRST UNITED BANK AND TRUST, INC.,

Defendant - Appellee.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. John Preston Bailey, District Judge. (1:15-cv-00044-JPB)

Submitted: March 31, 2017                          Decided: May 2, 2017

Before TRAXLER, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Frank J. Mastro, Roger Schlossberg, SCHLOSSBERG, MASTRO & SCANLAN, Hagerstown, Maryland, for Appellant/Cross-Appellee. Michael Barill, WEST VIRGINIA UNIVERSITY CLINICAL LAW PROGRAM, Morgantown, West Virginia, for Appellee/Cross-Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

First United Bank & Trust ("First United") appeals the district court's orders granting summary judgment to Alpha Rho Alumni Corporation ("Alpha Rho") and denying First United's Fed. R. Civ. P. 59(e) motion. Alpha Rho cross appeals the district court's order awarding it compensatory damages as calculated by First United. Finding no reversible error, we affirm.

First United contends that the district court erred in determining that the parties' contract was unambiguous. We "review de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "We also review de novo a district court's decision on an issue of contract interpretation." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 101 (4th Cir. 2013). We conclude that the district court did not err in granting summary judgment to Alpha Rho, and we affirm for the reasons stated by the district court. *Alpha Rho Alumni Corp. v. First United Bank & Tr.,* No. 1:15-cv-00044-JPB (N.D. W.Va. Apr. 8, 2016).

Alpha Rho contends that the district court erred in adopting First United's method of calculating damages. We generally review a district court's award of damages under a clearly erroneous standard, but, "to the extent the claim is that the calculations are influenced by legal error, our review is de novo." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 384 (4th Cir. 2015). "It is well settled that damages for breach of contract must be such as will give, and only such as will give, compensation for the actual loss directly flowing from the breach of the contract." *In re Ellison*, 296 F.3d 266,

3

273 (4th Cir. 2002) (internal quotation marks omitted). We conclude that Alpha Rho's method of calculating damages would have resulted in a windfall, and thus the district court did not err in adopting First United's calculations.

Finally, First United contends that the district court abused its discretion in denying its Rule 59(e) motion, challenging the district court's award of prejudgment interest. We review a district court's order denying a Rule 59(e) motion for abuse of discretion. *Wilkins v. Montgomery*, 751 F.3d 214, 220 (4th Cir. 2014). "[A] district court abuses its discretion when it . . . relies on erroneous factual or legal premises[] or commits an error of law." *United States v. Briley*, 770 F.3d 267, 276 (4th Cir. 2014). Here we discern no abuse of discretion. The district court recognized its discretion to award prejudgment interest, but rejected First United's contention that the balance of equities did not support such an award.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*